1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PATTI BINGHAM, CODY BINGHAM,<br><br>Plaintiffs,<br><br>v.<br><br>BLAIR LLC, BLAIR CORPORATION; APPLESEEDS TOPCO, INC.; ORCHARD BRANDS CORPORATION; ORCHARD BRANDS TOPCO, LLC; CATALOG HOLDINGS, LLC, SUSAN D. CARLSON,<br><br>Defendants. | Case No. C10-5005 RBL<br><br>ORDER DENYING DEFENDANT BLAIR LLC'S MOTION TO DISMISS AND REQUIRING PLAINTIFFS TO FILE AN AMENDED COMPLAINT |

This matter comes before the Court on Defendant Blair LLC's Motion to Dismiss Plaintiffs' complaint pursuant to Fed. R. Civ. P. 12(b). The Court, having reviewed the motion, response and the record herein, is fully informed and **DENIES** the motion for the reasons stated herein. The Court, however, **ORDERS PLAINTIFFS** to **FILE AN AMENDED COMPLAINT** properly setting forth their causes of action under applicable law.

ORDER - 1

**Introduction and Background**

Plaintiffs filed the instant lawsuit seeking damages arising from an incident where an allegedly defective bathrobe caught fire resulting in injuries to Plaintiffs, Patti and Cody Bingham. Defendant Blair allegedly manufactured and/or sold the robe in question and is allegedly liable to Plaintiffs for injuries sustained when the robe caught fire. Plaintiffs' eight count complaint purports to state a variety of claims against Defendant Blair, including claims for negligence, breach of warranty, product liability, violation of the Federal Flammable Fabrics Act, bystander liability, and intentional infliction of emotional distress. Plaintiffs also seek an award of punitive damages.

Defendant Blair seeks dismissal of Counts 1 through 4 and Count 6 on the basis that these claims alleging common law negligence, strict liability and breach of warranty claims are preempted by the Washington Product Liability Act (WPLA), RCW 7.72.010, *et seq*. Defendant Blair seeks dismissal of Count 5 to the extent it alleges violation of the Federal Flammable Fabrics Act ("FFFA"), 15 U.S.C. § 1192, on the ground that the FFFA does not expressly or impliedly create a private right of action. Defendant Blair further seeks to dismiss Counts 7 and 8 because they fail to allege sufficient facts to support an inference of liability against them for bystander liability and intentional infliction of emotional distress. Defendant Blair seeks dismissal of Plaintiffs' claim for punitive damages as such damages are not available under Washington law.

Plaintiffs respond that they have pled facts sufficient to sustain causes of action against Defendants and have pled the relevant elements contained in Washington Product Liability Act (WPLA) in separate causes of action. More specifically, Plaintiffs assert that Count 1, Product Liability, sets forth the elements of a WPLA claim as codified in RCW 7.72.010(1) through (5). Count 2, Failure to warn, contains the elements of a WPLA cause of action as codified in RCW 7.72.010(4). Plaintiffs concede that Count 3, Defective Design, is repetitive of Count 1 and is subsumed by the first cause of action. Count 4, Breach of Warranty, is encompassed in the WPLA at RCW 7.72.010(4). Plaintiffs acknowledge that there is no private cause of action for violation of

ORDER - 2

the Federal Flammable Fabrics Act (FFFA), 15 U.S.C. § 1192).  Nonetheless, Plaintiffs cite RCW 7.72.030(1) and RCW7.72.050 for the assertion that Count 5, Violation of Statute, states a cause of action under the WPLA for violation of the FFFA.  Plaintiffs acknowledge that Count 6, Negligence, is redundant and should be stricken.  Plaintiffs state that Count 7, Bystander Liability, and Count 8, Intentional Infliction of Emotional Distress, are sufficiently plead to withstand a Fed. R. Civ. P. 12(b) challenge to the sufficiency of the pleadings.  Plaintiffs argue that the claim for punitive damages involves a choice of law question that cannot be resolved at this stage of the proceedings.

## Sufficiency of Pleadings

The Washington Product Liability Act (WPLA), RCW 7.72 *et seq*., is the exclusive remedy for product liability claims in Washington.  Washington Water Power Co. v. Graybar Elec. Co., 112 Wn.2d 847, 853, 774 P.2d 1199 (1989).  The WPLA is preemptive and the scope of WPLA is broadly defined so as to include any claim or action brought for harm caused by the product.  Id.  The purpose of the statute is to eliminate common law remedies and provide a single cause of action.  Id. at 854.  The WPLA creates a single cause of action for product-related harm with specified statutory requirements for proof.  Stanton v. Bayliner Marine Corp., 123 Wn.2d 64, 71, 866 P.2d 15 (1993).  See also Washington State Physicians Ins. Exchange & Ass'n v. Fisons Corp., 122 Wn.2d 299, 858 P.2d 1054 (1993)(WPLA creates a single cause of action for product-related harms, and supplants previously existing common law remedies, including common law actions for negligence).

The Court finds that Plaintiffs have sufficiently plead a cause of action pursuant to the WPLA to withstand Defendant Blair's motion to dismiss the complaint.  Plaintiffs concede that Counts 3 and 6 are duplicative and subject to dismissal.  The WPLA does not provide for a separate cause of action for violation of statute. Count 5 is subject to dismissal.  The remaining allegations contained in Counts 1, 2, and 4 state a cause of action that is encompassed by the WPLA.  The

ORDER - 3

1  Plaintiffs should be permitted to amend Counts 1, 2, and 4 of their complaint to fashion one cause
2  of action pursuant to the WPLA.
3        Regarding the claims for negligent and intentional infliction of emotional distress, Counts 6
4  and 7, the Court finds the allegations sufficient to withstand a motion to dismiss pursuant to Fed. R.
5  Civ. P. 12(b).  The Court also finds it inappropriate at this stage of the proceedings to entertain the
6  issue of punitive damages.  This issue involves a choice of law question that will require further
7  development of the record.  Dismissal of these claims are denied without prejudice to further renew.

## Conclusion

9  For the above stated reasons, Defendant Blair LLC's motion to dismiss is denied.
10  ACCORDINGLY;
11  IT IS ORDERED:
12  Defendant Blair LLC's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6)
13  [Dkt. # 11] is **DENIED**.  Plaintiff is **ORDERED** to file an **AMENDED COMPLAINT** that
14  complies with this Order no later than May 7, 2010.
15  DATED this 19th day of April, 2010.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

26  ORDER - 4