UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PATTI BINGHAM, CODY BINGHAM,<br><br>Plaintiffs,<br><br>v.<br><br>BLAIR LLC, BLAIR CORPORATION; APPLESEEDS TOPCO, INC.; ORCHARD BRANDS CORPORATION; ORCHARD BRANDS TOPCO, LLC; CATALOG HOLDINGS, LLC, SUSAN D. CARLSON,<br><br>Defendants. | Case No. C10-5005 RBL<br><br>ORDER GRANTING DEFENDANT SUSAN CARLSON'S MOTION TO DISMISS |

This matter comes before the Court on Defendant Susan Carlson's Motion to Dismiss Plaintiffs' Complaint Pursuant to Fed. R. Civ. P. 12(b)(2) on the grounds that this Court lacks personal jurisdiction over this Defendant. The Court, having reviewed the motion, response and the record herein, is fully informed and **GRANTS** the motion for the reasons stated herein.

**Introduction and Background**

Plaintiffs filed the instant lawsuit seeking damages arising from an incident where an allegedly defective bathrobe caught fire resulting in injuries to Plaintiffs, Patti and Cody Bingham. Defendant Blair LLC allegedly manufactured and/or sold the robe in question and is allegedly liable to Plaintiffs for injuries sustained when the robe caught fire. Plaintiffs' eight count complaint purports to state a variety of claims against Defendant Blair, including claims for negligence,

ORDER - 1

1  breach of warranty, product liability, violation of the Federal Flammable Fabrics Act, bystander
2  liability, and intentional infliction of emotional distress.  Plaintiffs also seek an award of punitive
3  damages.
4      Plaintiffs name Susan Blair individually as a defendant in this action.  Ms. Carlson was
5  served with the lawsuit personally at her place of employment in Warren, Pennsylvania, where she
6  is employed by Blair LLC as a customer care specialist.  Plaintiffs allege a single cause of action
7  against Ms. Carlson for "infliction of mental distress." Plaintiffs allege that Susan Carlson "is an
8  employee of Blair whose designation is Customer Care Specialist" who at all times was "acting in
9  her capacity as employee of Blair and within the scope of her employment with Blair ..."
10     Plaintiffs' claim states that Ms. Carlson had three telephone conversations with Plaintiff
11 Cody Bingham and that Ms. Carlson sent two letters to Plaintiff Patti Bingham.  The only
12 allegations directed specifically against Ms. Carlson in regards to these contacts are:

> "[w]hen Cody insisted to Susan Carlson that Blair take the robe off the market, Carlson advised Cody that Blair would not take the robe off the market and even if they take it from this market, they would sell it everywhere else in the world, thereby demeaning Cody for his concerns and also denigrating his concern for others."

Complaint, at # 52.

     Defendant moves for dismissal of Plaintiffs' complaint asserting that she had insufficient contacts with the state of Washington for personal jurisdiction over Ms. Carlson.

**Due Process and Jurisdiction**

     Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004).  Plaintiff cannot simply rest on the bare allegations of its complaint, but rather is obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction. Amba Marketing Systems, Inc. v. Jobar International,

ORDER - 2

Inc., 551 F.2d 784, 787 (9th Cir. 1977).  Where, as here, the motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts.  Schwarzenegger, at 800.  Uncontroverted factual allegations must be taken as true. Conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor.  Id.  A prima facie showing means that the plaintiff has produced admissible evidence, which if believed, is sufficient to establish the existence of personal jurisdiction.  Ballard v. Savage, 65 F.3d 1495,1498 (9th Cir. 1995).

Where no applicable federal statute addresses the issue, a court's personal jurisdiction analysis begins with the "long-arm" statute of the state in which the court sits.  Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co., 284 F.3d 1114, 1123 (9th Cir. 2002).  Washington's long-arm statute extends the court's personal jurisdiction to the broadest reach that the United States Constitution permits.  Byron Nelson Co. v. Orchard Management Corp. 95 Wn.App. 462, 465, 975 P.2d 555 (1999).  Because Washington's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analysis under state law and federal due process are the same.  See, Schwarzenegger, at 800-01.

 The Due Process Clause protects a defendant's liberty interest in not being subject to the binding judgments of a forum with which she has established no meaningful contacts, ties or relations.  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 471-72 (1985).  In determining whether a defendant had minimum contacts with the forum state such that the exercise of jurisdiction over the defendant would not offend the Due Process Clause, courts focus on the relationship among the defendant, the forum, and the litigation.  Shaffer v. Heitner, 433 U.S. 186, 204 (1977).  If a court determines that a defendant's contacts with the forum state are sufficient to satisfy the Due Process Clause, then the court must exercise either "general" or "specific" jurisdiction over the defendant.

ORDER - 3

The nature of the defendant's contacts with the forum state will determine whether the court's jurisdiction is general or specific. <u>Bancroft & Masters, Inc. v. Augusta Nat'l, Inc</u>., 223 F.3d 1082, 1086 (9th Cir. 2000).

**Personal Jurisdiction**

Personal jurisdiction over employees or officers of a corporation in their individual capacities must be based on their personal contacts with the forum state and not on the acts and contacts carried out solely in a corporate capacity. Jurisdiction over an employee does not automatically follow from jurisdiction over the corporation which employs him; nor does jurisdiction over a parent corporation automatically establish jurisdiction over a wholly owned subsidiary. Each defendant's contacts with the forum state must be assessed individually. <u>Keeton v. Hustler Magazine, Inc</u>., 465 U.S. 770, 781 nt.3 (1984); <u>Calder v. Jones</u>, 465 U.S. 783, 790 (1984). A corporate officer who has contact with a forum only with regard to the performance of his official duties is not subject to personal jurisdiction in that forum. <u>Kransco Manufacturing, Inc. v. Markwitz</u>, 656 F.2d 1376, 1379 (9th Cir. 1981); <u>Forsythe v. Overmyer</u>, 576 F.2d 779, 782 (9th Cir. 1978). Further, a person generally acting as an agent on behalf of a corporation is not individually subject to personal jurisdiction merely based on his actions in a corporate capacity. <u>TJS Brokerage & Co. v. Mahoney</u>, 940 F.Supp. 784, 788-89 (E.D. Pa. 1996); <u>Ali v. District of Columbia</u>, 278 F.3d 1, 7 (D.C. Cir. 2002). Each defendant's contacts with the forum state must, therefore, be evaluated individually. See, <u>Rush v. Savchuk</u>, 444 U.S. 320, 332 (1980). Accordingly, Plaintiff cannot impute the contacts of the corporate entity, Blair LLC, to the individual Defendant Susan Carlson for the purpose of establishing personal jurisdiction over this individual Defendant.

The law generally recognizes two varieties of personal jurisdiction, general and specific.

**General Jurisdiction**

ORDER - 4

A defendant is subject to general jurisdiction only where the defendant's contacts with a forum are "substantial" or "continuous and systematic." Bancroft & Masters, Inc. v. Augusta Nat'l, Inc., 223 F.3d 1082, 1086 (9th Cir. 2000).  The threshold for satisfying the requirements for general jurisdiction is substantially greater than that for specific jurisdiction.  The contacts with the forum state must be of a sort that "approximate physical presence." Id., at 1086.  "Factors to be taken into consideration are whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." Id.  In applying the "substantial" or "continuous and systematic" contacts test, the focus is primarily on two areas.  First, there must be some kind of deliberate "presence" in the forum state, including physical facilities, bank accounts, agents, registration, or incorporation.  An additional consideration is whether the defendant has engaged in active solicitation toward and participation in the state's markets, i.e., the economic reality of the defendant's activities in the state. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 417 (1984); Gates Learjet Corp. v. Jensen, 743 F.2d 1325, 1331 (9th Cir. 1984).

The Plaintiff has not shown that Ms. Carlson engaged in such continuous and systematic contacts with the forum state as to amount to her maintaining a physical presence in Washington State.  See Easter v. American West Financial, 381 F.3d 948, 960 (9th Cir. 2004); Bancroft & Masters, Inc. v. Augusta Nat'l, Inc., 223 F.3d 1082, 1086 (9th Cir. 2000).

**Specific Jurisdiction**

Specific jurisdiction applies if (1) the defendant has performed some act or consummated some transaction within the forum state or otherwise purposefully availed himself of the privileges of conducting activities in the forum, (2) the claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable.  Easter v. American West

ORDER - 5

Financial, 381 F.3d 948, 960-61 (9th Cir. 2004); Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir. 2000).

Under the first prong of our three-part specific jurisdiction test, Plaintiffs must establish that Ms. Carlson either "purposefully availed" herself of the privilege of conducting activities in Washington, or "purposefully directed" her activities toward Washington. See Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004). A purposeful availment analysis is most often used in suits sounding in contract, whereas a purposeful direction analysis, also termed the "effects test," is most often used in suits sounding in tort. Id; Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1321 (9th Cir. 1998); Core-Vent Corp. v. Nobel Indus. AB, 11 F.3d 1482, 1486 (9th Cir. 1993).

In order to establish purposeful availment under the "effects test" the plaintiff must demonstrate the existence of (1) intentional actions (2) expressly aimed at the forum state (3) causing harm, the brunt of which is suffered, and which the defendant knows is likely to be suffered, in the forum state. Panavision, at 1322; Core-Vent Corp., at 1486. A showing that a defendant purposefully directed his conduct toward a forum state usually consists of evidence of the defendant's actions outside the forum state that are directed at the forum, such as the distribution in the forum state of goods originating elsewhere. Schwarzenegger, 374 F.3d at 803.

Plaintiffs contend that in regard to the tort claim of infliction of mental distress, Ms. Carlson met the "effects test" by engaging in intentional acts that caused harm in Washington. Plaintiffs, however, have not shown that Ms. Carlson engaged in conduct (communications) expressly aimed at Washington or the brunt of which was known to likely be suffered in Washington. See, Casualty Assur. Risk Ins. Brokerage Co. v. Dillon, 976 F.2d 596 (9th Cir. 1992). Plaintiffs merely allege the existence of communications that took place between Plaintiffs and Susan Carlson, as an employee

ORDER - 6

for Blair. During one of these conversations, Ms. Carlson allegedly advised Plaintiffs that the robes would not be taken off the market and would continue to be sold. This allegation is void of facts sufficient to support a finding that through these words Ms. Carlson acted knowingly or intentionally to commit a tort, or acted with intent to do harm to a resident of Washington. Thus, Plaintiffs have failed to establish the first prong of the specific jurisdiction test.

With respect to the second element of specific jurisdiction, the Court must consider whether Plaintiffs' claims arise out of Ms. Carlson's contacts with Washington. Under prevailing Ninth Circuit law, a claim arises out of a defendant's contacts when the claim would not have arisen 'but for' defendant's actions in the forum. Panavision Int'l v. Toeppen, 141 F.3d 1316, 1322 (9th Cir. 1998). The 'but-for' test is presumably met: but for the communications with Plaintiffs in the Washington forum, the claim embodied in the complaint would not exist.

The third and final prong of the specific jurisdiction test is whether exercising personal jurisdiction over the nonresident defendant is reasonable, as an unreasonable exercise of personal jurisdiction would violate due process. Ziegler v. Indian River County, 64 F.3d 470, 474-75 (9th Cir. 1995). The reasonableness requirement may defeat local jurisdiction even if the defendant has purposefully engaged in forum related activities. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474, 477-78 (1985). The Ninth Circuit considers seven factors to determine whether the exercise of specific jurisdiction is reasonable: (1) the extent of the defendant's purposeful contacts with the state; (2) the burden on the defendant of litigating in the forum state; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. Ziegler, at 475.

ORDER - 7

Given that Plaintiffs have failed to establish the first prong of the purposeful availment requirement for exercising specific jurisdiction, it is unnecessary to analyze the reasonableness prong of the jurisdictional test. However, looking at these factors, it is clear that given the minimal contact that occurred between Ms. Carlson and the forum state, justice would not favor the exercise of jurisdiction on these set of facts.

First, Ms. Carlson's contacts with Washington are minimal. These contacts are limited to three telephone conversations and two letters relating to defendant's job function as a customer service representative. This factor weighs heavily in Defendant's favor. See, Insurance Co. of North America v. Marina Salina Cruz, 649 F.2d 1266, 1271 (9th Cir. 1981).

Second, the Court considers the burden on Defendant Carlson of litigating in Washington. The Defendant is employed in Pennsylvania and has no contacts with Washington, other than fielding the Plaintiffs' customer complaint. Ms. Carlson would be burdened by litigating in Washington. This factor weighs in Defendant's favor.

Third, the Court considers any conflict with the sovereignty of Pennsylvania. Because the alternative forums are within the United States, "any conflicting sovereignty interests are best accommodated through choice-of-law rules rather than jurisdictional rules." Gray & Co. v. Firstenberg Mach. Co., 913 F.2d 758, 761 (9th Cir. 1990). Accordingly, this factor does not favor either party.

Fourth, Washington's interest in the dispute is considered. Washington maintains a strong interest in providing an effective means of redress for its residents who are tortuously injured. See, Data Disc, Inc. v. Sys. Tech. Assocs., 557 F.2d 1280, 1288 (9th Cir. 1977). This factor favors the Plaintiffs.

Fifth, the Court must evaluate the most efficient judicial resolution. Courts evaluate judicial

ORDER - 8

efficiency by looking to "where the witnesses and the evidence are likely to be located."  Terracom v. Valley Nat'l Bank, 49 F.3d 555, 561 (9th Cir. 1995).  Here, the evidence concerns telephone conversations and correspondence occurring between Pennsylvania and Washington.  This factor favors neither party.

Sixth, the importance of Washington as the Plaintiffs forum rests solely on their residence in the forum state and its convenience as their forum of choice.  This factor weighs slightly in Plaintiffs' favor.

Seven, the Plaintiffs bear the burden of proving the unavailability of an alternative forum. Plaintiffs have not met this burden. This factor therefore weighs in Defendant's favor.

The majority of these factors favor Defendant.  Exercising specific jurisdiction over Ms. Carlson for conduct occurring in conversation over the phone as a customer service representative of Defendant Blair LLC would be unreasonable under the Due Process Clause.  Plaintiff has failed to satisfy the third prong of the specific jurisdiction analysis.

**Jurisdictional Discovery**

Plaintiff asserts that further discovery may provide that Ms. Carlson may have engaged in conduct which would render her subject to the "general jurisdiction" of this Court.

Jurisdictional discovery may be appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary.  Boschetto v. Hansing, 539 F.3d 1011, 1020 (9th Cir. 2008).  However, the mere allegation that Plaintiffs believe discovery will enable them to demonstrate sufficient Washington business contacts to establish the Court's personal jurisdiction is insufficient to warrant additional discovery.  Id; Butcher's Union Local No. 498 v. SDC Inv., Inc., 788 F.2d 535, 540 (9th Cir. 1986) Given the nature of the claim and the facts of this case, Plaintiffs have failed to demonstrate how

ORDER - 9

further discovery would allow Plaintiffs to contradict the undisputed fact of minimal contacts with the forum state. See <u>Terracom v. Valley Nat. Bank</u>, 49 F.3d 555, 562 (9th Cir. 1995). The Court concludes that additional jurisdictional discovery is unwarranted.

### Conclusion

For the reasons set forth above, the Plaintiffs have failed to satisfy the elements that would support the exercise of personal jurisdiction over Susan Carlson as an individual Defendant. The Court accordingly will grant Defendant Susan Carlson's motion to dismiss for lack of personal jurisdiction.

ACCORDINGLY;

IT IS ORDERED:

Defendant Susan Carlson's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) [Dkt. # 24] is **GRANTED**.

DATED this 26th day of April, 2010.

                                 _____
                                 RONALD B. LEIGHTON
                                 UNITED STATES DISTRICT JUDGE

ORDER - 10