UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PATTI BINGHAM, CODY BINGHAM,

    Plaintiffs,

v.

BLAIR LLC, BLAIR CORPORATION; APPLESEEDS TOPCO, INC.; ORCHARD BRANDS CORPORATION; ORCHARD BRANDS TOPCO, LLC; CATALOG HOLDINGS, LLC, SUSAN D. CARLSON,

    Defendants.

CASE NO.  C10-5005 RBL

ORDER GRANTING MOTION TO DISMISS ON BEHALF OF ORCHARD BRANDS CORP., ORCHARD BRANDS TOPCO, LLC, and CATALOG HOLDINGS, LLC.

This matter comes before the Court on the motion of Defendants Orchard Brands Corporation, Orchard Brands Topco LLC, and Catalog Holdings LLC., to Dismiss Plaintiffs' complaint pursuant to Fed. R. Civ. P. 12(b)(2).  Plaintiff has not filed a timely response.[1]  The Court, having reviewed the motion and the record herein, is fully informed and **GRANTS** the motion for the reasons stated herein.

---

[1] Plaintiffs have filed a document entitled "Plaintiffs Dismiss Parties Without Prejudice."  Dkt. # 50.  This pleading is considered an untimely response to the motion to dismiss and provides no basis for dismissal without prejudice.

ORDER - 1

**Introduction and Background**

Plaintiffs filed the instant lawsuit seeking damages arising from an incident where an allegedly defective bathrobe caught fire resulting in injuries to Plaintiffs, Patti and Cody Bingham.  Plaintiffs' complaint alleges that the Defendants collectively advertised, sold and delivered, without adequate testing, the robe that is basis of their lawsuit.  Other than Defendant Blair LLC[2], Plaintiffs provide no jurisdictional basis for their claims against the moving Defendants.  Plaintiffs simply allege that they will "ascertain the exact relationship of the entities" with "investigation and discovery."

On April 23, 2010, Defendants Orchard Brands, Orchard Brands Topco, and Catalog Holdings (collectively, the Moving Defendants)[3] moved to dismiss Plaintiffs' complaint for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).  Plaintiffs have not responded to the motion.

On April 19, 2010, this Court entered an order denying a motion to dismiss filed by Co-defendant Blair LLC, but ordering Plaintiffs to file a First Amended Complaint no later than May 7, 2010 to address certain deficiencies in the original complaint.  Plaintiffs filed their First Amended Complaint on May 5, 2010, addressing the issues raised by the Court order.  The First Amended Complaint failed to address any of the jurisdictional issues raised by the Moving Defendants in their pending motion to dismiss.

The Moving Defendants are privately held companies that do not manufacture, distribute or sell clothing products. The Moving Defendants played no role in the design, testing, sale, or manufacture of the robe in question as alleged by Plaintiffs.

---

[2] Defendant designated as "Blair Corporation" is not a legal entity and accordingly is not an appropriate defendant in this case. Blair Corporation filed a Certificate of Conversion with the Delaware Secretary of State on April 30, 2007, changing its name from "Blair Corporation" to "Blair LLC."

[3] Plaintiffs' Complaint also names Appleseed's Topco, Inc. as a defendant in this matter. However, Appleseed's Topco is a wrongly-named defendant that does not exist.  Prior to suit, Appleseed's Topco changed its name and is now doing business as Orchard Brands Corporation, a named Defendant.

Orchard Brands is a privately held company incorporated under the laws of the state of Delaware. Orchard Brands maintains its principal place of business in Beverly, Massachusetts. Orchard Brands is not incorporated or domiciled in the state of Washington. Orchard Brands is not licensed to do business in the state of Washington. Orchard Brands does not own, use or possess real or personal property in Washington, nor does it pay taxes in the state. Orchard Brands does not sell or distribute goods or services in Washington. Orchard Brands does not maintain a place of business, mailing address, bank account, employees or phone listing in the state of Washington, nor does it have a registered agent for service of process.

Appleseed's Intermediate Holdings LLC is a wholly owned subsidiary of Orchard Brands and the sole member of Blair LLC, therefore Blair is an indirect subsidiary of Orchard Brands. Blair is not a department or division of Orchard Brands. Orchard Brands and Blair have separate boards of directors/managers and officers. Orchard Brands and Blair maintain separate budgets and financial records. Orchard Brands and Blair maintain separate bank accounts and do not commingle funds.

Orchard Brands Topco is a privately held holding company formed under the laws of the state of Delaware. Orchard Brands Topco maintains its principal place of business in Beverly, Massachusetts. Orchard Topco is not incorporated or domiciled in the state of Washington. Orchard Topco is not licensed to do business in the state of Washington. Orchard Topco does not own, use or possess real or personal property in Washington, nor does it pay taxes in the state. Orchard Topco does not sell or distribute goods or services in Washington. Orchard Topco does not maintain a place of business, mailing address, bank account, employees or phone listing in the state of Washington, nor does it have a registered agent for service of process.

Orchard Brands is a wholly owned subsidiary of Orchard Brands Topco, making Blair an indirect subsidiary of Orchard Brands Topco. Blair is not a department or division of Orchard Brands Topco. Orchard Brands Topco and Blair have separate boards of managers and officers.

Catalog Holdings, LLC is a privately held holding company formed under the laws of the state of Delaware. Catalog Holdings maintains its principal place of business in San Francisco, California. Catalog Holdings is not incorporated or domiciled in the state of Washington. Catalog Holdings is not licensed to do business in the state of Washington. Catalog Holdings does not own, use or possess real or personal property in Washington. Catalog Holdings does not sell or distribute goods or services in Washington. Catalog Holdings does not maintain a place of business, mailing address, bank account, employees or phone listings in the state of Washington. Catalog Holdings does not have a registered agent for service of process in Washington.

Orchard Brands Topco is majority owned by Catalog Holdings, as such Blair is an indirect subsidiary of Catalog Holdings. Blair is not a department or division of Catalog Holdings. Catalog Holdings and Blair file separate tax returns. Catalog Holdings and Blair maintain separate budgets and financial records. Catalog Holdings and Blair maintain separate bank accounts and do not commingle funds.

The non-moving Defendant, Blair LLC, is a retailer and distributor of clothing products. Blair's corporate headquarters are located in Warren, Pennsylvania. Blair sells clothing products directly in the domestic market through its own sales organization, as well as through its own website, catalogues and retail stores. Blair is a named defendant in this lawsuit and does not contest the jurisdiction of this Court.

The Moving Defendants contend that this Court lacks personal jurisdiction over these Defendants and thus are subject to dismissal.

### Rule 12(b)(2) Standards

Fed. R. Civ. P. 12(b)(2) governs the dismissal of an action based on lack of personal jurisdiction. Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004). Plaintiff cannot simply rest on the bare allegations of its complaint, but rather is obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction. Amba Marketing Systems, Inc. v. Jobar International, Inc., 551 F.2d 784, 787 (9th Cir. 1977). Where, as here, the motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts. Schwarzenegger, at 800. Uncontroverted factual allegations must be taken as true. Conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor. Id. A prima facie showing means that the plaintiff has produced admissible evidence, which if believed, is sufficient to establish the existence of personal jurisdiction. Ballard v. Savage, 65 F.3d 1495,1498 (9th Cir. 1995).

Where no applicable federal statute addresses the issue, a court's personal jurisdiction analysis begins with the "long-arm" statute of the state in which the court sits. Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co., 284 F.3d 1114, 1123 (9th Cir. 2002). Washington's long-arm statute extends the court's personal jurisdiction to the broadest reach that the United States Constitution permits. Byron Nelson Co. v. Orchard Management Corp. 95 Wn.App. 462, 465, 975 P.2d 555 (1999). Because Washington's long-arm jurisdictional statute

is coextensive with federal due process requirements, the jurisdictional analysis under state law and federal due process are the same. Schwarzenegger, at 800-01.

The Due Process Clause protects a defendant's liberty interest in not being subject to the binding judgments of a forum with which she has established no meaningful contacts, ties or relations. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 471-72 (1985). In determining whether a defendant had minimum contacts with the forum state such that the exercise of jurisdiction over the defendant would not offend the Due Process Clause, courts focus on the relationship among the defendant, the forum, and the litigation. Shaffer v. Heitner, 433 U.S. 186, 204 (1977).

Personal jurisdiction exists in two forms, general and specific. Dole Food Co. v. Watts, 303 F.3d 1104, 1111 (9th Cir.2002). General jurisdiction exists over a non-resident defendant when there is "continuous and systematic general business contacts that approximate physical presence in the forum state." Schwarzenegger, at 801. In the absence of general jurisdiction, the court may still exercise specific jurisdiction over a non-resident defendant. To establish specific jurisdiction, the plaintiff must show that: (1) defendant purposefully availed itself of the privilege of conducting activities in Washington, thereby invoking the benefits and protections of its laws; (2) plaintiff's claims arise out of defendant's Washington-related activities; and (3) the exercise of jurisdiction would be reasonable. Easter v. American West Financial, 381 F.3d 948, 960-61 (9th Cir. 2004); Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir. 2000).

**General Jurisdiction**

A defendant is subject to general jurisdiction only where the defendant's contacts with a forum are "substantial" or "continuous and systematic." Bancroft & Masters, Inc. v. Augusta

Nat'l, Inc., 223 F.3d 1082, 1086 (9th Cir. 2000). The threshold for satisfying the requirements for general jurisdiction is substantially greater than that for specific jurisdiction. The contacts with the forum state must be of a sort that "approximate physical presence." Id., at 1086. "Factors to be taken into consideration are whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." Id. In applying the "substantial" or "continuous and systematic" contacts test, the focus is primarily on two areas. First, there must be some kind of deliberate "presence" in the forum state, including physical facilities, bank accounts, agents, registration, or incorporation. An additional consideration is whether the defendant has engaged in active solicitation toward and participation in the state's markets, i.e., the economic reality of the defendant's activities in the state. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 417 (1984); Gates Learjet Corp. v. Jensen, 743 F.2d 1325, 1331 (9th Cir. 1984).

The Plaintiff has not shown that any of the Moving Defendants engaged in such continuous and systematic contacts with the forum state as to amount to her maintaining a physical presence in Washington State. See Easter v. American West Financial, 381 F.3d 948, 960 (9th Cir. 2004); Bancroft & Masters, Inc. v. Augusta Nat'l, Inc., 223 F.3d 1082, 1086 (9th Cir. 2000).

**Specific Jurisdiction**

Specific jurisdiction applies if (1) the defendant has performed some act or consummated some transaction within the forum state or otherwise purposefully availed himself of the privileges of conducting activities in the forum, (2) the claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable.

Under the first prong of our three-part specific jurisdiction test, Plaintiffs must establish that a Moving Defendant either "purposefully availed" itself of the privilege of conducting activities in Washington, or "purposefully directed" its activities toward Washington. See Schwarzenegger at 802. In order to establish purposeful availment in a tort action, the plaintiff must demonstrate the existence of (1) intentional actions (2) expressly aimed at the forum state (3) causing harm, the brunt of which is suffered, and which the defendant knows is likely to be suffered, in the forum state. Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1321 (9th Cir. 1998); Core-Vent Corp. v. Nobel Indus. AB, 11 F.3d 1482, 1486 (9th Cir. 1993). A showing that a defendant purposefully directed his conduct toward a forum state usually consists of evidence of the defendant's actions outside the forum state that are directed at the forum, such as the distribution in the forum state of goods originating elsewhere. Schwarzenegger, at 803.

The Moving Defendants lack even the minimum contacts required to sustain jurisdiction in this case. All these companies are non-residents, organized under the laws of Delaware with offices in either Massachusetts or California. These companies do not maintain offices in Washington nor do they sell or distribute goods to the citizens of this state. The Moving Defendants maintain no offices, employees, agents or property in the state of Washington. Furthermore, these defendants have not purposefully directed their activities to the forum state. They lack sufficient minimum contacts to allow for specific jurisdiction under the effects test in that they were not involved in the manufacture, distribution, testing or sale of the product in question.

**Parent- Subsidiary Relationship**

Plaintiff appears to be asserting a connection to the forum state through a parent-subsidiary relationship. However, it is well established that a parent-subsidiary relationship by

itself is insufficient to attribute the minimum contacts of the subsidiary to the parent. Wells Fargo & Co. v. Wells Fargo Express Co., 556 F.2d 406, 420 (9th Cir. 1977).

In Kramer Motors, Inc., v. British Leyland, LTD., 628 F.2d 1175 (9th Cir. 1980), the Ninth Circuit found that although the parent corporation was generally responsible for the sale of company products, active in approving the subsidiary's major policy decisions, and involved in the general executive operation of the subsidiary, the facts were insufficient to subject the parent to personal jurisdiction based solely on the subsidiary's contacts with the forum. Id. at 1177. The court noted that the parent corporation failed to control the internal affairs of the subsidiary as well as its daily operations. Id.

However, "if the parent and subsidiary are not really separate entities, or one acts as an agent of the other, the local subsidiary's contacts with the forum may be imputed to the foreign parent corporation." Doe v. Unocal Corp. 248 F.3d 915, 926 (9th Cir. 2001). An alter ego or agency relationship is typified by parental control of the subsidiary's internal affairs or daily operations. Kramer Motors, Inc. v. British Leyland, Ltd., 628 F.2d 1175, 1177 (9th Cir. 1980). To demonstrate that a subsidiary is an "alter ego" such that its contacts with a forum should be imputed to a parent, the plaintiff must show (1) that there is such unity of interest and ownership that the separate personalities of the two entities no longer exist and (2) that failure to disregard their separate identities would result in fraud or injustice." AT & T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 591 (9th Cir. 1996).

Plaintiffs have provided no evidence that Blair LLC acted as the alter-ego or agent of any of the Moving Defendants. Thus, jurisdiction over Blair LLC does not extend to any of the Moving Defendants.

**Conclusion**

For the above stated reasons, the Moving Defendants are entitled to dismissal of this action against them.

ACCORDINGLY;

IT IS ORDERED:

The Motion to Dismiss on Behalf of Orchard Brands Corporation, Orchard Brands Topco LLC, and Catalog Holdings LLC. [Dkt. # 41] is **GRANTED.** Plaintiffs' Complaint is **DISMISSED WITH PREJUDICE** as against these Defendants.

Dated this 27th day of May, 2010.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE